1  DANIEL M. GRAHAM  SBN: 79478
   E-Mail:  dmgapc@aol.com
2  ANOUSH TERRY ASHKARIAN  SBN: 150813
   E-Mail:  atashkarian@dmgapc.com
3  DANIEL M. GRAHAM
   A Professional Corporation
4  23720 Arlington Ave., Ste. 8
   Torrance, CA  90501-6124
5  Telephone:  310-539-1762
   Facsimile:   310-539-3649
6

7  Attorney for:  Plaintiff, RONALD COLLINS

8

9               UNITED STATES DISTRICT COURT

10       CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

11

| 12 | RONALD XAVIER COLLINS, | ) | Case No.  5:20-cv-02582 |
|---|---|---|---|
| 13 | Plaintiff, | ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| 14 | vs. | ) | |
| 15 | THE UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF JUSTICE - BUREAU OF PRISONS; MICHAEL CARVAJAL; WILLIAM WATSON, M.D.; AND, DOES 1 TO 10, INCLUSIVE, | ) | **FIRST CAUSE OF ACTION** FTCA Claim Against UNITED STATES for Medical Negligence. (Non-Jury Claim); |
| 16 | | ) | |
| 17 | | ) | **SECOND CAUSE OF ACTION** FTCA Claim Against UNITED STATES for Negligent Establishment and Application of Unconstitutional Policy and Procedures for Provision of Medical Care to Inmates in Federal Custody. (Non-Jury Claim); |
| 18 | | ) | |
| 19 | Defendants. | ) | |
| 20 | | ) | |
| 21 | | ) | **THIRD CAUSE OF ACTION** FTCA Claim Against UNITED STATES for Negligent Hiring/Retention, Supervision and Training. (Non-Jury Claim); |
| 22 | | ) | |
| 23 | | ) | |
| 24 | | ) | **FOURTH CAUSE OF ACTION** FTCA Claim Against UNITED STATES for Intentional and/or Negligent Failure to Summon Medical Care for Detainee in Immediate Need of Care.  (Non-Jury Claim); |
| 25 | | ) | |
| 26 | | ) | |
| 27 | | ) | **FIFTH CAUSE OF ACTION** *Bivens* Claim for Inadequate Medical |
| 28 | | ) | |

1

1   )   Care Against All Individual Defendants
    )   and DOES 1-10.
2   )
    )   **SIXTH CAUSE OF ACTION**
3   )   42 *U.S.C.* §1983 Claim Against
    )   Defendants, CARVAJAL, DR.
4   )   WATSON and DOES 1-10.
    )
5   _____ )

6   Plaintiff, RONALD XAVIER COLLINS ("Mr. COLLINS" and/or "PLAINTIFF")

7   hereby files this Complaint and Demand for Jury Trial and states as follows:

8

9   **PRELIMINARY STATEMENT**

10

11   Mr. COLLINS a former prison inmate at the United States Penitentiary located

12   in Lompoc, California (hereafter "PRISON") received grossly inadequate medical care

13   for a post-colonoscopy enterovesical fistula between the PLAINTIFF's lower bowel and

14   bladder resulting in massive pain and discomfort in Mr. COLLINS' lower abdominal

15   wall to his lateral inquinal line while in federal custody.  This lawsuit charges the

16   federal government, and/or its agents, servants or employees with constitutional

17   violations, medical negligence and other torts, based on their egregious medical neglect

18   of Mr. COLLINS.  Alternatively and in addition, PLAINTIFF charges DEFENDANT

19   with inducing and causing PLAINTIFF with inappropriate placement of leg irons

20   resulting in additional pain and suffering all the while knowing PLAINTIFF was

21   simultaneously suffering from the aforementioned massive enterovesical fistula pain and

22   discomfort.

23   2.   The DEFENDANTS' refusal to provide Mr. COLLINS reasonable and

24   humane medical care while he was in custody was tantamount to torture. He was forced

25   to endure one of the most painful, terrifying, and humiliating experiences imaginable.

26   Mr. COLLINS continually pleaded for federal medical providers, and outside specialists

27   selected by the federal government, but was denied this.  As a result, he was denied

28   medical treatment necessary to relieve on a timely basis his past, present and future pain

2

1   and suffering.

2       3.    Mr. COLLINS was held in custody by the United States Department of

3   Justice - Bureau of Prisons ("USDOJ-BOP") at all times referenced herein.

4

5                      **JURISDICTION AND VENUE**

6

7       4.    Jurisdiction of the court is proper under 28 U.S.C. §§1331, 1343(3), and

8   1346.

9       5.    Venue is proper in this district pursuant to 28 USC §139(b)(2), in that a

10   substantial part of the acts or omissions giving rise to this claim occurred within the

11   judicial district in which this case is filed. Venue is also proper pursuant to 28 U.S.C.

12   §1391(e), in that a substantial part of the acts or omissions giving rise to this claim

13   occurred within the judicial district in which this case is filed and PLAINTIFF, Mr.

14   COLLINS, is a resident of the judicial district.

15       6.    This is an action for medical negligence and civil rights violations pursuant

16   to 42 U.S.C. §1983, 28 U.S.C. §2674 (the Federal Tort Claims Act or "*FTCA*"), and

17   *Bivens* claims for inadequate medical care and violations under the Fifth, Eighth and

18   Fourteenth Amendments to the United States Constitution.

19       7.    Compensatory damages are sought pursuant to 42 U.S.C. §1983, the

20   Federal Tort Claims Act, and the *Bivens* claims.  Punitive damages are sought against

21   all DEFENDANTS sued in their individual capacity pursuant to 42 U.S.C. §1983, and

22   the *Bivens* claims. Attorneys' fees and costs are sought pursuant to 42 U.S.C. §1988 for

23   PLAINTIFF's claim under 42 U.S.C. §1983.

24       8.    All governmental entities were notified of this claim in a timely fashion and

25   all administrative exhaustion and notice requirements under the *FTCA* statutes have

26   been satisfied.

27   ///

28   ///

**PARTIES/ACTORS**

9.   Mr. COLLINS is an adult male natural person, born on January 28, 1961, and is a resident of the State of California, County of San Bernardino.  At all relevant times, he was detained and in the custody of either the UNITED STATES as an inmate at the PRISON.

10.   THE UNITED STATES OF AMERICA ("UNITED STATES" or the "GOVERNMENT") is a governmental entity with jurisdiction and control over the USDOJ-BOP.

11.   DEFENDANT, USDOJ-BOP, enforces Federal sentencing by, in part, imprisoning individuals in facilities that are purportedly safe, humane, cost-efficient and secure to provide those imprisoned individuals with an opportunity to socially and physically be able to return to the community in a functional capacity.

12.   MICHAEL CARVAJAL ("CARVAJAL" and/or "INDIVIDUAL DEFENDANT") at all relevant times, was the Director of the Federal Bureau of Prisons. As the top official at USDOJ-BOP, CARVAJAL set constitutional compliance with the interests of the health and welfare by priorities and policies and had ultimate responsibility for the safety and well-being of persons detained in Federal Custody.

13.   WILLIAM WATSON, M.D. ("Dr. WATSON" and/or "INDIVIDUAL DEFENDANT") at all material times, was a medical provider, or agent/servant, employed by DEFENDANT, USDOJ-BOP, who was acting under the color of law, while ostensibly providing medical services to PLAINTIFF during his incarceration by the USDOJ-BOP.  He is being sued in both his employment/agency and individual capacities.

///
///
///
///

# FACTUAL ALLEGATIONS

14.    At all times mentioned herein, PLAINTIFF was in the physical care, custody, supervision and management of the PRISON which was at all times managed, controlled, operated, funded and supervised by DEFENDANT, USDOJ-BOP.

15.    On or about June 2, 2017, PLAINTIFF was referred to Lompoc Valley Medical Center ("HOSPITAL") to undergo a colonoscopy for screening of malignant neoplasm of PLAINTIFF's colon.  At that time and place, the colonoscopy was performed by RAHIM RAOUFI, M.D. ("Dr. RAOUFI").  PLAINTIFF was improperly prepared for the colonoscopy by the PRISON.  Due to the lack of preparation by the PRISON, the procedure was described as "severe (and) torturous".  A repeat colonoscopy was ordered by Dr. RAOUFI with two (2) days of preparation.  There was no further colonoscopy performed upon PLAINTIFF.  Thereafter, PLAINTIFF remained in constant, continuous, severe and tortuous pain up to and including the present.

16.    In addition to PLAINTIFF's aforementioned pain and suffering, PLAINTIFF persistently passed gas through his penial urethra which caused further and extensive burning, pain and suffering.

17.    Over the subsequent approximate period of twelve (12) to eighteen (18) months, PLAINTIFF was under the care of DEFENDANT, Dr. WATSON, who diagnosed PLAINTIFF with a post-colonoscopy enterovesical fistula.  Despite the diagnosis, PLAINTIFF was not returned to the care, supervision or treatment by Dr. RAOUFI or any other healthcare provider competent and capable of providing relief, care, treatment or medical service to reduce PLAINTIFF's on-going and relentless pain, agony and tortuous suffering.  Instead, PLAINTIFF's pain and suffering was simply ignored without further care, treatment or medical management until PLAINTIFF's release from the PRISON in the mid to latter part of 2018.

18.    During the course of PLAINTIFF's incarceration at the PRISON, he was constantly and continuously at times shackled at the ankles.  The result of these shackles

in combination with his post-colonoscopy enterovesical fistula condition, further caused PLAINTIFF severe and substantial pain and suffering given the shackles caused erythema, pain, swelling with induration at the ankles of approximately 10 cm to 10 cm. Thereafter PLAINTIFF sustained a full-thickness loss of skin, granulation of tissue, undermining and tunneling with the onset of infections. This injury and description shall hereafter be referred to as the "ankle ulcer formation from shackles".

## FIRST CAUSE OF ACTION
### *FTCA* Claim against UNITED STATES
### for Medical Negligence. (Non-Jury Claim).

19. PLAINTIFF incorporates by reference all allegations contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

20. DEFENDANT, UNITED STATES', treatment of Mr. COLLINS while he was in custody at the PRISON violated the *FTCA*, 28 *U.S.C.* §2674.

21. All conditions precedent to this lawsuit have been performed or have occurred, including providing pre-suit notice to the UNITED STATES pursuant to the *FTCA* which was denied and rejected by the USDOJ-BOP on June 29, 2020.

22. At all material times, the UNITED STATES carelessly and negligently cared for and treated Mr. COLLINS while he was detained at the PRISON and provided medical care in a careless and negligent manner and also acted with deliberate indifference to Mr. COLLINS' known serious medical conditions. The UNITED STATES carelessly and negligently treated, managed, monitored and supervised Mr. COLLINS' conditions during his detention at the PRISON. The UNITED STATES' negligent care and negligent failure to administer appropriate care directly and proximately resulted in certain injury and disability to Mr. COLLINS, all to his general damage.

23. As a direct and proximate result of the UNITED STATES' negligence, Mr.

1   COLLINS suffered serious and substantial physical abdominal, inguinal and lower leg

2   injuries with great physical, mental, and emotional pain; disfigurement and disability.

3       24.    As a further direct and proximate result of the negligent, acts, omissions

4   and conduct of the UNITED STATES and its agents, and the injuries caused to Mr.

5   COLLINS, said PLAINTIFF was required to and did incur expenses for services of

6   hospitals, doctors, and other medical care and treatment in an amount not now known

7   to Mr. COLLIN.

8

9                   **SECOND CAUSE OF ACTION**

10              *FTCA* **Claim against UNITED STATES for Negligent**

11              **Establishment and Application of Unconstitutional**

12              **Policy and Procedures for Provision of Medical Care**

13              **to Inmates in Federal Custody.  (Non-Jury Claim).**

14

15      25.    PLAINTIFF incorporates by reference all allegations contained in the

16   preceding paragraphs of this Complaint, as if fully set forth herein.

17      26.    DEFENDANT, UNITED STATES', treatment of Mr. COLLINS while he

18   was in custody at the PRISON violated the *FTCA*, 28 *U.S.C.* § 2674.

19      27.    All conditions precedent to this lawsuit have been performed or have

20   occurred, including providing pre-suit notice to the UNITED STATES pursuant to the

21   *FTCA* . Six months have elapsed from the date a pre-suit claim was filed. Therefore, all

22   administrative exhaustion requirements have been met and this claim is ripe.

23      28.    At all material times, the UNITED STATES failed to use reasonable care

24   in the establishment and application of policies, procedures and directives for the

25   provision of medical care to Federal inmates.  The policies, procedures and directives

26   for the provision of medical care were unreasonable and inadequate in part because

27   these policies violated clearly established constitutional law.

28      29.    As a direct and proximate result of the UNITED STATES' negligence in

creating, establishing and applying these inadequate policies, procedures and directives, Mr. COLLINS suffered certain injuries, including: unrelenting and severe abdominal/inguinal and lower leg physical, mental, and emotional pain; disfigurement and disability.

30.     As a further direct and proximate result of the negligent, acts, omissions and conduct of the UNITED STATES and its agents, and the injuries caused to Mr. COLLINS, said PLAINTIFF was required to and did incur expenses for services of hospitals, doctors, and other medical care and treatment in an amount not now known to PLAINTIFF.

## THIRD CAUSE OF ACTION
*FTCA* Claim Against UNITED STATES
for Negligent Hiring/Retention, Supervision
and Training.  (Non-Jury Claim).

31.     PLAINTIFF incorporates by reference all allegations contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

32.     DEFENDANT, UNITED STATES', treatment of Mr. COLLINS while he was detained at the PRISON violated the *FTCA*, 28 *U.S.C.* §2674.

33.     All conditions precedent to this lawsuit have been performed or have occurred, including providing pre-suit notice to the UNITED STATES pursuant to the FTCA. Six months have elapsed from the date a pre-suit claim was filed. Therefore, all administrative exhaustion requirements have been met and this claim is ripe.

34.     At all material times, the UNITED STATES carelessly and negligently hired, retained, trained and supervised medical health care providers who did not have the experience and qualifications necessary to provide adequate medical care to Federal PRISON inmates including Mr. COLLINS.  The UNITED STATES knew or should have known that the providers taking care of Mr. COLLINS were not qualified, trained

1   or supervised to make the medical determinations necessary for his care.

2       35.    As a direct and proximate result of the UNITED STATES' negligence Mr.

3   COLLINS suffered certain injuries, including: unrelenting and severe

4   abdominal/inguinal and lower leg physical, mental, and emotional pain; disfigurement

5   and disability.

6       36.    As a further direct and proximate result of the negligent, acts, omissions

7   and conduct of the UNITED STATES and its agents, and the injuries caused to Mr.

8   COLLINS, said PLAINTIFF was required to and did incur expenses for services of

9   hospitals, doctors, and other medical care and treatment in an amount not now known

10  to PLAINTIFF.

11

12  **<u>FOURTH CAUSE OF ACTION</u>**

13  **FTCA Claim Against UNITED STATES**

14  **for Intentional and/or Negligent Failure**

15  **to Summon Medical Care for Detainee in**

16  **Immediate Need of Care.  (Non-Jury Claim).**

17

18      37.    PLAINTIFF incorporates by reference all allegations contained in the

19  preceding paragraphs of this Complaint, as if fully set forth herein

20      38.    DEFENDANT, UNITED STATES', treatment of Mr. COLLINS while he

21  was detained at the PRISON violated the FTCA, 28 U.S.C. § 2674.

22      39.    All conditions precedent to this lawsuit have been performed or have

23  occurred, including providing pre-suit notice to the UNITED STATES pursuant to the

24  FTCA. Six months have elapsed from the date a pre-suit claim was filed. Therefore, all

25  administrative exhaustion requirements have been met and this claim is ripe.

26      40.    At all material times, the UNITED STATES knew or had reason to know

27  that Mr. COLLINS was in need of immediate medical care and failed to take reasonable

28  action to summon such medical care. The UNITED STATES' intentional and/or

negligent failure to administer appropriate care directly and proximately resulted in certain injury and disability to Mr. COLLINS, all to his general damage.

41.    As a direct and proximate result of the UNITED STATES' failure to summon care, Mr. COLLINS suffered certain injuries, including: unrelenting and severe abdominal/inguinal and lower leg physical, mental, and emotional pain; disfigurement and disability.

42.    As a further direct and proximate result of the intentional and/or negligent, acts, omissions and conduct of the UNITED STATES and its agents, and the injuries caused to Mr. COLLINS, said PLAINTIFF was required to and did incur expenses for services of hospitals, doctors, and other medical care and treatment in an amount not now known to PLAINTIFF.

## FIFTH CAUSE OF ACTION

### *Bivens* Claim for Inadequate Medical Care Against
### All Individual DEFENDANTS and DOES 1-10.

43.    PLAINTIFF incorporates by reference all allegations contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

44.    This is a claim against all DEFENDANTS who were agents of the UNITED STATES and named in their individual capacity ("INDIVIDUAL DEFENDANTS").

45.    The INDIVIDUAL DEFENDANTS and DOES 1-10 violated Mr. COLLINS' right to adequate medical care under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution by failing to treat Mr. COLLINS' known serious medical condition.

46.    At all material times, the INDIVIDUAL DEFENDANTS and DOES 1-10 were aware that Mr. COLLINS had a post-colonoscopy enterovesical fistula with ankle ulcer formation from shackles, these were very serious and life-threatening conditions.

47.   The INDIVIDUAL DEFENDANTS and DOES 1-10 purposefully denied Mr. COLLINS essential medical care for known serious medical conditions, despite knowledge that Mr. COLLINS' was not going to be released from custody in the foreseeable future to treat the life-threatening condition.

48.   The actions of the INDIVIDUAL DEFENDANTS and DOES 1-10 were so substandard and egregious that they were outside the course and scope of their employment. Their actions and judgments in ostensibly rendering "medical care" to Mr. COLLINS were so far below the acceptable standard that the INDIVIDUAL DEFENDANTS and DOES 1-10 could not have been making a "medical" judgment in their decision to deny Mr. COLLINS very basic and inexpensive diagnostic, medical and/or surgical procedures to rule out this severely painful and a life-threatening disease.

49.   The actions of the INDIVIDUAL DEFENDANTS and DOES 1-10 were outside of the scope of "medical or related functions" as defined in 42 *U.S.C.* § 233(a) because their decision to deny Mr. COLLINS medical care was not based on a medical reason, but rather economic and/or other constitutionally impermissible reasons unrelated to the provision of medical services.  Furthermore, the conduct at-issue was not provided by an officer or employee of a Public Health Service.

50.   Each of the INDIVIDUAL DEFENDANTS and DOES 1-10 were acting under color of law by exercising power made possible because they were clothed with the authority of federal law.

51.   The INDIVIDUAL DEFENDANTS and DOES 1-10 acted with deliberate indifference to the serious health needs protected by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, subjected Mr. COLLINS to dangerous and debasing conditions of confinement, and violated basic fundamental rights to safe and humane confinement. The inhumane conditions of confinement caused Mr. COLLINS medical injuries as alleged in this Complaint. The conduct constituted cruel and unusual punishment and a violation of due process.

52.     The INDIVIDUAL DEFENDANTS and DOES 1-10 are liable for creating, promulgating, adopting, and/or ratifying an unconstitutional policy and/or custom for the provision of medical care to detainees.

53.     The INDIVIDUAL DEFENDANTS and DOES 1-10 acted with deliberate indifference in hiring/retaining, training, and supervising U.S. employees such that they violated Mr. COLLINS' constitutional rights.

54.     The INDIVIDUAL DEFENDANTS and DOES 1-10 violated clearly established law by failing to adequately treat and/or diagnose known serious medical conditions and/or creating, promulgating, adopting, and/or ratifying an unconstitutional policy and/or custom for the provision of medical care to detainees.

55.     As a result of the INDIVIDUAL DEFENDANTS and DOES 1-10's constitutional violations of Mr. COLLINS' rights, said PLAINTIFF sustained injuries and damages as follows:

    a.     Non-economic damages consisting of past and future physical and mental pain and suffering, mental anguish, emotional stress, and the loss of the enjoyment of a full and complete life;

    b.     Physical impairment and disfigurement; and,

    c.     Economic losses consisting of past medical and health care expenses and loss of future earning capacity and ability to earn money in the future.

56.     The conduct of each of the INDIVIDUAL DEFENDANTS and DOES 1-10 constituted a reckless or callous disregard of Mr. COLLINS' constitutional right to adequate medical care, entitling PLAINTIFF to punitive damages.

### SIXTH CAUSE OF ACTION
#### 42 *U.S.C.* §1983 Claim Against Defendants,
#### CARVAJAL, DR. WATSON and DOES 1-10.

57.     PLAINTIFF incorporates by reference all allegations contained in the

1    preceding paragraphs of this Complaint, as if fully set forth herein.

2        58.    This claim is brought under 42 *U.S.C.* §1983.  Defendants, CARVAJAL,

3    Dr. WATSON, and DOES 1-10, were all employees and/or agents of Defendant,

4    USDOJ-BOP, who violated Mr. COLLINS' right to adequate medical care under the

5    Eighth and Fourteenth Amendments of the United States Constitution by failing to treat

6    Mr. COLLINS' known serious medical conditions.

7        59.    Each of these DEFENDANTS was acting under color of law by exercising

8    power made possible because they were clothed with the authority of state law. Their

9    actions violated clearly established law.

10       60.    Each of these DEFENDANTS acted with deliberate indifference to the

11   serious health needs protected by the Eighth and Fourteenth Amendments to the United

12   States Constitution. They had actual knowledge of Mr. COLLINS aforementioned

13   conditions.   Despite of this documented knowledge, they denied him appropriate

14   medical  care,  treatment  or  service.   This  conduct  constituted  cruel  and  unusual

15   punishment and a violation of due process.

16       61.    Each of these DEFENDANTS violated clearly established law by acting

17   with deliberate indifference in failing to adequately treat and/or diagnose a known

18   serious medical conditions.

19       62.    As a result of these DEFENDANTS' constitutional violations of Mr.

20   COLLINS' rights, said PLAINTIFF sustained injuries and damages as follows:

21            a.     Non-economic damages consisting of past and future physical and

22   mental pain and suffering, mental anguish, emotional stress, and the loss of the

23   enjoyment of a full and complete life;

24            b.     Physical impairment and disfigurement; and,

25            c.     Economic losses consisting of past medical and health care expenses

26   and loss of future earning capacity and ability to earn money in the future.

27       63.    The conduct of each of these DEFENDANTS constituted a reckless or

28   callous disregard of the Mr. COLLINS' constitutional rights, entitling PLAINTIFF to

13

1 | punitive damages.

2

3 | **JURY TRIAL DEMAND**

4

5 |     PLAINTIFF demands a Jury Trial to resolve all claims brought herein except for
6 | the claim against THE UNITED STATES OF AMERICA under the FTCA, which must
7 | be adjudicated by the Court.

8

9 | **PRAYER FOR RELIEF**

10

11 |     WHEREFORE, PLAINTIFF prays that, after due proceedings, Judgment be
12 | entered in favor of PLAINTIFF and against all DEFENDANTS, jointly and severally,
13 | and that this Court:

14 |     (a)   Award PLAINTIFF all compensatory damages reasonable under the
15 | circumstances, including physical pain and suffering, mental anguish and emotional
16 | distress, disfigurement, medical expenses, loss of enjoyment of life, and any other
17 | compensatory damages, for each count alleged in the Complaint;

18 |     (b)   Award PLAINTIFF punitive damages against all DEFENDANTS sued in
19 | their individual capacity. (PLAINTIFF acknowledges that punitive damages are not
20 | available against the UNITED STATES);

21 |     (c)   Award all damages available to PLAINTIFF under Federal law;

22 |     (d)   Award PLAINTIFF reasonable attorneys' fees, expert fees, and Court costs
23 | under 42 *U.S.C.* §1988 for the prosecution of their 42 *U.S.C.* §1983 claims;

24 |     (e)   Award PLAINTIFF legal interest on all damages awarded from the date of
25 | judicial demand until paid;

26 |     (f)   Award PLAINTIFF such other and further relief as this Court deems just
27 | and proper, including attorneys' fees and costs, where applicable.

28 | ///

1  DATED:   December 15, 2020

DANIEL M. GRAHAM
A Professional Corporation
BY:

DANIEL M. GRAHAM
Attorney for PLAINTIFF,
RONALD XAVIER COLLINS

COMPLAINT AND DEMAND FOR JURY TRIAL, ETC.